**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.     5:13 CR 312 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| COLEY RICHARDSON, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Coley Richardson's Motion to Vacate Under 28 U.S.C. § 2255.  (ECF # 22).   The government filed a Motion to Dismiss Mr. Richardson's petition.   (ECF # 31).   Mr. Richardson has not responded to the Government's Motion to Dismiss.

In his § 2255 petititon, Mr. Richardson claims that he is entitled to a new sentencing hearing based on *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015).  *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction. This is the only grounds upon which he claims an entitlement to relief.

Mr. Richardson's  sentence was increased under Sections 2K2.1 and 4B1.2(a) of the Sentencing Guidelines for his history of prior convictions of  "crimes of violence."  Although he qualified for a base offense level of 24 based on two prior felony convictions for "crimes of violence," his plea agreement set his base offense level at 20, which penalized him for only one such prior conviction.   If his prior "crimes of violence" had qualified as such only under the

U.S.S.G. language corresponding the to the "residual clause" in the ACCA, the Court would have to consider whether the invalidation of that clause should be applied retroactively.  *United States v. Darden*, 605 F. App'x 545, 545-46 (6th Cir. 2015)(applying the invalidation of the residual clause language in the ACCA to the Sentencing Guidelines on direct review). However, Mr. Richardson's past convictions qualified him for career offender designation without application of the "residual clause" language that was invalidated under *Johnson* and *Darden.*

Mr. Richardson had prior convictions for felonious assault (Ohio Rev. Code § 2903.11(A)(1)), and for attempted felonious assault.  Both of these crimes qualify as "crimes of violence" under U.S.S.G. § 2K2.1 because they have "as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1). This meets the definition of a "crime of violence" under the Sentencing Guidelines, without reliance on the criteria set forth in the now invalidated "residual clause."  This portion of the definition of "crimes of violence" was not invalidated, or in any way implicated, by the *Johnson* decision or its progeny.  *See, e.g., United States v. Collins*, 799 F.3d 554, 596-97 (6th Cir. 2015).   Therefore, Mr. Richardson was properly sentenced under the applicable statutes and sentencing guidelines and there is no basis for vacating or re-visiting his sentence.


      /s/ Donald C. Nugent
      DONALD C. NUGENT
      United States District Judge

DATED:   August 15, 2016